UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:
**ERIC & ASHLEY STOLZ**                                                Chapter 11
                                                                                  Case No. 23-50149-KKS

        Debtor(s).
_____/

## ORDER CONFIRMING THE DEBTORS'
## SUBCHAPTER V PLAN OF REORGANIZATION (ECF NO. 42)

THIS CASE came before the Court on March 12, 2024 (the "**Confirmation Hearing**"), to consider confirmation of the Debtors' Subchapter V Plan of Reorganization for Small Business Under Chapter 11 (ECF No. 42) (the "**Plan**") filed on or about December 21, 2023, by the Debtors, ERIC STOLZ and ASHLEY STOLTZ (the "**Debtors**"). In connection with confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the Confirmation Affidavits of the Debtor (ECF No. 61), (ii) the Testimony of the Debtors as proffered by Debtors' Counsel, and (iii) all other evidence presented at the Confirmation Hearing, and the statements, arguments, and representations of counsel. The Court, having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan or otherwise expressed their consent to the Plan in writing, no objections to the Plan were interposed by any interested party or were withdrawn at or before the Confirmation Hearing, all such

objections to the Plan (whether filed or raised to Debtor's counsel) have been consensually resolved by the agreed Confirmation Order, and all interested parties have received proper notice of the Plan and this hearing. Accordingly, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("**FRBP**").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 143) (the "**Confirmation Hearing Order**") were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "**Confirmation Deadlines**") were in compliance with the FRBP, were adequate and reasonable

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

    D.    **<u>Hearing Attendance</u>**.

        1. Debtors' Counsel and Ashley Stoltz on behalf of the Debtors

        2. Connor McLaughlin – U.S. Trustee

        3. Jodi Dubose – Sub V Trustee

    E.    **<u>Resolution of Claims Objections.</u>** Prior to Confirmation, Counsel for the Debtors and Counsel for Geneva Capital stipulated to the sum of Five Thousand Dollars [$5,000.00] being paid as an allowed unsecured claim which shall be paid in full over the life of the plan. Additionally, American Express has accepted Four Thousand Twelve Dollars and Thirteen Cents [$4,012.13] as payment in full of their allowed unsecured claim.

    F.    **<u>Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123</u>**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

H. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Articles 3 & 9 of the Plan provide adequate means for the Plan's implementation through the guaranty of distributions by the Plan Funder.

K. **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. This section does not apply to individual debtors and is thus omitted.

L. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

M. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article 8 of the Plan sets forth the treatment of executory contracts and unexpired leases that the Debtor will assume pursuant to the Plan.  Except for executory contracts that have been assumed before the Effective Date, or that are the subject of a pending motion to assume, the Debtor will be conclusively deemed to have rejected all other executory contracts and unexpired leases as of the Effective Date.

N. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

O. **Cure Amounts – 11 U.S.C. § 1123(d)**.  Other than as specifically set forth herein above, there are no amounts needed to cure executory contracts or unexpired leases.  There have been no objections filed as to the lack of cure amounts of any executory contracts or unexpired leases.

P. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

Q. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189 because it was filed by the Debtor within the deadline set by the Bankruptcy Code.

R. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan of reorganization.

S. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies all the applicable requirements of 11 U.S.C. § 1129(a).

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor; and the appointment to, or continuance in, such office of such individuals, is consistent with the interests of creditors and equity security holders, and with public policy; and the plan proponent has disclosed the identity of any insider that will be

employed or retained by the Reorganized Debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1123(a)(6)**. This section does not apply to individual debtors and is thus omitted.

6. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Fate of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of this title on such date.

7. **11 U.S.C. § 1129(a)(8)**. All classes either accepted the Plan or are unimpaired.

8. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

9. **11 U.S.C. § 1129(a)(10)**. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

10. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

11. **11 U.S.C. § 1129(a)(12)**. All filing fees payable under 28 U.S.C. § 1930 have been paid. There are no other fees payable under 28 U.S.C. § 1930 as this is a Subchapter V case.

12. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The Plan, as modified by the Ore Tenus Modifications (referred to hereafter as collectively, the "Plan"), is confirmed under 11 U.S.C. § 1191(a).

2. **Effective Date**. The Effective Date of the Plan is the first calendar day following the date that is 14 days after the entry of this Confirmation Order. If

however, a stay of this Confirmation Order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

3. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, all creditors, and the Equity Holder, whether or not the claim or interest of such creditor, or equity security holder, is impaired under the Plan and whether or not such creditor, or equity security holder, has accepted the Plan.

4. **Re-Vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

5. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals

without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval. The Debtor may make any and all payments necessary to renew its insurance upon the entry of this Confirmation Order in accordance with the Budget attached to the Plan.

6. **Injunction and Discharge**. **As of the Effective Date, the Debtor shall be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged from any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6). Except as otherwise specifically provided in the Plan or this Confirmation Order, all persons that have held, currently hold or may hold a claim, debt, or liability that is discharged or terminated pursuant to the terms of the Plan (the "Creditors") are and shall be permanently enjoined and forever barred to the fullest extent permitted by law from taking any of the following actions on account of any such discharged or terminated claims, debts, or liabilities, other than actions brought to enforce any rights or obligations under the Plan: (a) commencing or continuing in any manner any action or other proceeding against the Debtor or its Assets or Estate; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor or its Assets or Estate; (c)**

**creating, perfecting or enforcing any Lien or encumbrance against the Debtor or its Assets or Estate; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or its Assets or Estate; (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order; or (f) interfering with or in any manner whatsoever disturbing the rights and remedies of the Debtor or the Reorganized Debtor as applicable or the Estate under the Plan and the documents executed in connection therewith. The Debtor or the Reorganized Debtor, as applicable, shall have the right to independently seek enforcement of this general injunction provision.**

7. **Timing of Discharge**. Since the Plan is confirmed under section 1191(a) of this title, the Debtor's discharge is granted as of the Effective Date.

8. **Disbursing Agent**. Except as otherwise set forth in this order, the Disbursing Agent as defined shall make all payments to holders of allowed claims as required by the Plan.

9. **United States Trustee Guidelines**. The Debtor shall comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case through the issuance of a Final Decree by the Bankruptcy Court.

10. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

11. **Rejection Claims**. Any claim arising from the rejection of an executory contract or unexpired lease of the Debtor shall be filed with the Court no later than thirty (30) days after the entry of this Confirmation Order, or within 30 days of the rejection of the contract or lease, whichever is earlier. Absent the timely filing of such claims, such claims shall be forever barred and disallowed without further order of this Court.

12. **Service of Confirmation Order**. Debtor's counsel is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

13. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

14. **Discharge of the Subchapter V Trustee**. The service of the Subchapter V Trustee in the case shall terminate upon the Effective Date, except that

the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). The Subchapter V Trustee shall have twenty-one (21) days following entry of this Order to file any final fee applications for pre-Confirmation amounts owed.

15. **Reports**. No later than thirty (30) days of the entry of this Order, the Debtor shall complete the monthly operating reports for pre-confirmation periods.

16. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   **a.** Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

   **b.** Resolve any motions, adversary proceedings, or contested matters that are pending as of the Effective Date;

   **c.** Adjudicate objections to claims;

   **d.** Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

   **e.** Enforce the releases and injunctions granted pursuant to this Order;

   **f.** Adjudicate modifications of the plan under 11 U.S.C. § 1193;

   **g.** Review and consider issues associated with the Debtor's final report and entry of a final decree, and to enter a final decree; and

**h.** Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

**DONE AND ORDERED** on _____April 23, 2024_____.

_____
KAREN K. SPECIE
United States Bankruptcy Judge

Wynn & Associates, PLLC is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of the entry of this Order.

This Instrument Prepared By: Wynn & Associates, PLLC., 430 W 5th Street, Suite 400, Panama City, FL 32401